**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**COLORADO BIOLABS, INC.,**

            **Plaintiff,**

      **v.**

**THREE ARROWS NUTRA, LLC,**

          **Defendant.**

:
:
:
:
:
:
:
:
:
:
:
:

**Case No. 2:26-mc-00003
Chief Judge Sarah D. Morrison
Magistrate Judge S. Courter M. Shimeall**

<u>**OPINION AND ORDER**</u>

This matter is before the Court on Defendant Three Arrows Nutra, LLC's ("Three Arrows") Motion to Compel the production of documents in response to the subpoena issued to third-party Kash Nutritionals LLC ("Kash"), wherein Three Arrows requests that the Court compel Kash to comply with the subpoena and enter sanctions against Kash.  (ECF No. 1.)  For the following reasons, the Motion to Compel is **DENIED as moot** and Three Arrows' request for sanctions is **DENIED.**

**I.     MOTION TO COMPEL**

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to produce documents.  Fed. R. Civ. P. 45(a)(1).  If the subpoena recipient objects, Rule 45 permits the serving party to move the court for the district where compliance is required for an order compelling production.  Fed. R. Civ. P. 45(d)(2)(B)(i).

The subpoena at issue here arises out of underlying litigation pending in the Northern District of Texas, captioned *Colorado Biolabs, Inc. v. Three Arrows Nutra, LLC*, No. 3:25-CV-601-D (the "Texas litigation").  Three Arrows served the subpoena on Kash on November 20,

2025, and Kash's response was due November 21, 2025. (ECF Nos. 1-3, 1-4.) The subpoena sought documents related to the identity of all raw materials, ingredients, components, and formulations of Plaintiff Colorado Biolabs' products, and the sourcing and/or country of origin for each of the same. The subpoena established an address in Columbus, Ohio as the place of compliance. (ECF No. 1-3.)

On February 25, 2026, after Three Arrows filed the instant Motion to Compel, Kash produced the responsive documents. (*See* ECF No. 5, PAGEID #: 448.)

Accordingly, the Motion to Compel (ECF No. 1) is **DENIED as moot**.

## II. SANCTIONS

Turning now to Three Arrows' request for sanctions, Three Arrows asks the Court to hold Kash in contempt under Federal Rule of Civil Procedure 45(g) or use its inherent authority to sanction Kash and award attorney's fees and costs to Three Arrows. Three Arrows contends Kash engaged in various delay tactics to avoid responding to the subpoena, including failing to timely retain its own counsel and, instead, using Plaintiff Colorado Biolabs' counsel to communicate with Three Arrows. (*See* ECF No. 5.) Kash responds that sanctions are unwarranted because, among other things, Kash produced all the requested documents to Three Arrows and Three Arrows never conferred with Kash before filing the Motion to Compel. (ECF No. 4.) If Three Arrows had "sent a letter to Kash or an email to CBL's counsel" regarding the forthcoming Motion to Compel, Kash represents that it "would have informed Three Arrows that Kash was collecting and preparing responsive documents for production." (*Id.* at PAGEID #: 439.)

Courts "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Even so,

> In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the

2

compliance not by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt.

Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment.

"Separate from the authority to impose sanctions under the Federal Rules of Civil Procedure, the Court has 'the inherent power to impose sanctions to prevent the abuse of the judicial process.'" *Sinomax USA, Inc. v. Am. Signature, Inc.*, No. 2:21-CV-3925, 2023 WL 2752488, at \*1 (S.D. Ohio Apr. 3, 2023) (quoting *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 502 (N.D. Ohio 2013)).  "Before the Court can impose sanctions under its inherent power, it must find that the sanctioned party has acted in bad faith." *Id.* (citing *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)).

Here, this Court has not issued an Order requiring Kash to comply with the subpoena. While the Court acknowledges Kash's delay in responding to the subpoena, Three Arrows did not serve Kash with the subpoena until a day before Kash's responses were due.  Moreover, while the parties' briefing suggests there was less than perfect clarity on who Three Arrows should contact to reach Kash, it is clear that Three Arrows did not attempt to contact Kash before filing the Motion to Compel even though Three Arrows had previously been communicating with Colorado Biolabs' counsel regarding the Kash subpoena.

Under these circumstances where Kash produced the responsive documents roughly two months after it was served with the subpoena, the Court finds that sanctions are inappropriate pursuant to Fed. R. Civ. P. 45(g) or the Court's inherent authority.

Accordingly, Three Arrows' request for sanctions is **DENIED**.

3

**III.    CONCLUSION**

For the reasons set forth above, the Motion to Compel (ECF No. 1) is **DENIED as moot** and Three Arrows' request for sanctions is **DENIED.**

**IT IS SO ORDERED.**

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**